UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HEATHER A. CHIPPS,

    Plaintiff,                            CIVIL ACTION NO. 14-11194

  v.

                                     DISTRICT JUDGE SEAN F. COX
                                     MAGISTRATE JUDGE CHARLES E. BINDER

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

    **IT IS RECOMMENDED** that Plaintiff's Motion for Summary Judgment should be **DENIED**, and that of Defendant **GRANTED**, as there is substantial evidence on the record that claimant retained the residual functional capacity for a limited range of light work.

**II.    REPORT**

    **A.    Introduction and Procedural History**

    Plaintiff filed applications for Social Security Disability Income Benefits (DIB) and Supplemental Security Income (SSI) benefits on February 24, 2011, alleging that she had been disabled and unable to work since September 26, 2009, at age 31, due to back pain, bilateral carpal tunnel syndrome, depression and generalized anxiety. Benefits were initially

denied by the Social Security Administration. A requested de novo hearing was held on September 25, 2012, before Administrative Law Judge (ALJ) Keith Kearney. The ALJ subsequently found that the claimant was not entitled to disability benefits because she retained the ability to perform a limited range of light work. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Claimant was 34 years old at the time of the administrative hearing (TR 48). She had been graduated from high school, and had been employed as a cosmetologist, bartender and waitress during the relevant past (TR 44-47, 57). Claimant testified that back pain prevented her from sitting, standing or walking for prolonged periods (TR 39). Spinal surgery and pain medications allegedly proved ineffective in reducing her back pain (TR 37, 39-40). Other impairments which prevented Plaintiff from returning to work included bilateral carpal tunnel syndrome, mental depression and periodic panic attacks (TR 41-44). Claimant's spent most of her time at home doing some light housecleaning and caring for her young daughter (TR 53-54, 62-63).

A Vocational Expert (VE), Jessica Christensen, classified Plaintiff's past work as light, unskilled activity (TR 65). The witness explained that there would not be any jobs for

claimant to perform if her testimony were fully accepted[1] (TR 68). If she were capable of light work, however, there were numerous unskilled folder, garment sorting and agricultural produce sorting jobs that she could still perform with minimal vocational adjustment (TR 66-67). These jobs allowed a sit-stand option, provided the person was not off task more than 10 percent of the work period. There would be no requirement to climb ladders or scaffolds, and walking was limited to 15 minutes at a time. The VE added that these jobs required the understanding, remembering and carrying out of simple tasks, and involved only occasional interaction with supervisors, co-workers or the general public (TR 66).

**B.    ALJ's Findings**

The Administrative Law Judge found that Plaintiff was impaired as a result of low back pain, obesity, depression and anxiety. Claimant did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ determined that Plaintiff remained capable of performing a reduced range of light work that did not involve frequent stair, ladder or ramp climbing. She would not need to walk more than 15 minutes at one time, nor would she be exposed to unprotected heights or moving machinery. The Law Judge accommodated claimant's mental limitations by restricting her to jobs where she would only have to remember, understand, and carry out simple instructions. She would have no more than occasional interaction with supervisors, co-workers or the general public. The ALJ found that Plaintiff retained the residual

---

[1] The witness opined that Plaintiff's alleged need to miss work three or more days per month would preclude work activity (TR 68).

functional capacity to perform a significant number of light jobs, within those limitations, as identified by the Vocational Expert (TR 12-23).

### C. Standard of Review

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

Plaintiff maintains that substantial evidence does not support a conclusion that she

remains capable of performing a limited range of light work activity. She also argues that her back impairment was severe enough to meet the Listing of Impairments, and that the ALJ did not properly consider the disabling nature of her carpal tunnel condition. Finally, Plaintiff maintained that the ALJ improperly discounted the disability opinion from her treating psychiatrist. Defendant counters that the claimant retains the residual functional capacity for a reduced range of light work because the objective clinical evidence of record did not confirm the disabling nature of her joint pain or mental difficulties.

### D. Discussion and Analysis

After review of the record, I suggest that there is substantial evidence on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of light work. The medical evidence, as a whole, fails to provide objective support for Plaintiff's allegations of severe and totally disabling functional limitations stemming from her joint pain, depression or anxiety.

Plaintiff initially alleges that the ALJ erred by not finding that her back condition severe enough to meet section 1.04 of the Listing of Impairments. The Listing of Impairments describes, for each of the major body systems, medical illnesses which are considered severe enough to prevent a person from doing any gainful activity. 20 C.F.R. § 404.1525(a) (2015). The regulations provide that when a claimant can prove that she suffers from an impairment that meets the duration requirement (12 months) and is listed in Appendix 1, the Commissioner must automatically find the claimant disabled, and should not go on to consider the claimant's age, education and work experience. 20 C.F.R. § 404.

1520(d) (2015). A claimant will not be found disabled under a listing, however, if there is a failure to satisfy any one of the criteria established for a particular impairment. King v. Heckler, 742 F.2d 968, 974 (6th Cir. 1984), 20 C.F.R. §404.1525(d).

Section 1.04A requires evidence of a disorder of the spine (such as a herniated nucleus pulposus, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, or vertebral fracture) resulting in the compromise of a nerve root or the spinal cord. There must also be evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion in the spine, and motor loss (atrophy with associated muscle weakness or muscle weakness alone) accompanied by sensory or reflex loss. If the lower back is involved, a positive straight leg raising test is required. See 20 C.F.R., Pt. 404, Subpt. P, App. 1, 1.04A.

I suggest that the medical evidence fails to demonstrate that her spinal impairment met or medically equaled <u>all</u> of the requirements of Listing 1.04A. The medical the record is devoid of evidence of nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis with accompanying ineffective ambulation. Moreover, as mentioned above, listing 1.04A requires positive straight-leg raising tests from *both* the supine and sitting positions. Plaintiff cites no such positive test results. In fact, the medical record shows negative tests in November 2010 and July 2012 (TR 504, 671). Substantial evidence therefore supports the ALJ's determination that claimant's back condition was not severe enough to meet or equal Listing 1.04.

Contrary to Plaintiff's assertion, the ALJ properly determined that claimant's bilateral

carpal tunnel syndrome was not a severe impairment. Specifically, claimant must show that one or more impairments "significantly limit your physical or mental ability to do basic work activities …." 20 C.F.R. §§ 404.1520, 416.920. In addition, a disabling impairment must have lasted or be expected to last at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. In the instant case, Plaintiff testified that her recent left arm surgery had been successful, and that she was planning right arm surgery when fully healed (TR 41–42). There appears to be no carpal tunnel references in the record before October 2011, when claimant was initially diagnosed (TR 605–609). She had surgery in September 2012, less than a year later (TR 1092, 1097). Thus, substantial evidence supports the ALJ's findings of no significant work-related limitations meeting the duration requirement.

  The ALJ also took into consideration the fact that Plaintiff's depression and anxiety were brought under control with medications (TR 310, 312, 493). In August 2010, claimant reportedly was functionally independent in all areas of daily living, self-care, socialization and communication (TR 477). She was able to care for her elderly parents, and her mental status appeared normal (TR 475, 479). The treating psychiatrist, Dr. Harold Lenhart, indicated that claimant's depression and anxiety worsened whenever she stopped taking her medications (TR 600-601, 653). However, her symptoms improved once she started taking the medications as prescribed. One therapist even noted that claimant "now realizes she should never have stopped them." (TR 599). Nevertheless, the Law Judge accommodated claimant's mental limitations by restricting her to jobs where she would only have to remember, understand, and carry out simple instructions. The ALJ further determined that

she would have no more than occasional interaction with supervisors, co-workers or the general public in order to reduce the chances of panic attacks.

Plaintiff relies heavily upon the fact that Dr. Lenhart stated that she was disabled, and exhibited marked limitations in social functioning and concentration (TR 1080-1085). It is well settled that opinions of treating physicians should be given greater weight than those of one-time examining doctors retained by the government. Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980). However, the opinion of a treating physician is entitled to deference only if his clinical findings are uncontradicted by substantial medical or other evidence, and if the opinion is based on detailed, clinical, diagnostic evidence. Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985). Since Dr. Lenhart offered little objective evidence during the relevant period to support his statement of disability[2], his opinion need not have been given any special weight. Miller v. Secretary, 843 F.2d 221, 224 (6th Cir. 1988). Under these circumstances, the totality of the evidence must be considered. Landsaw v. Secretary, 803 F.2d 211, 213 (6th Cir. 1986).

It is the rare case, indeed, the exception, in which every piece of evidence points incontrovertibly toward a decision to deny benefits. There is evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that her testimony

---

[2]The ALJ rejected the doctor's disability opinion, setting forth persuasive reasons for doing so (TR 19). The ALJ expressed concern about the lack of medical documentation to support the opinion. The Law Judge considered claimant's treatment history, which indicated no recent in-patient hospitalization. The ALJ also noted that claimant acknowledged that medications helped her symptoms (TR 493, 594, 599). The ALJ took into consideration that Dr. Lenhart reported on numerous occasions that Plaintiff was "doing fine", and that her therapy was "going well" (TR 19, 310-311, 493, 587-588). Indeed, it appears the doctor's opinion was primarily based on Plaintiff's subjective complaints, rather than the objective medical evidence.

was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly. Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978). See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

By establishing that she could not return to her past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that she had the vocational qualifications to perform alternative jobs in the economy, notwithstanding her various impairments. The Commissioner, however, met his burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to a hypothetical question that took into consideration claimant's educational and vocational background, along with her significant impairments[3], the Vocational Expert testified that there were numerous unskilled folder, garment sorting and agricultural produce sorting jobs that she could still perform with minimal vocational adjustment (TR 66-67). These jobs allowed a sit-stand option, provided the person was not off task more than 10 percent of the work period. There would be no requirement to climb ladders or scaffolds, and walking was limited to 15

---

[3]The Administrative Law Judge's hypothetical questions to the Vocational Expert (VE) accurately described Plaintiff's moderate limitations caused by her joint pain and depression. The ALJ reasonably determined that claimant's on-going joint discomfort limited her to jobs that did not involve frequent climbing, or doing any prolonged walking. She was also limited to simple tasks that did not require complex thinking to accommodate her mental difficulties (TR 21). The Sixth Circuit has held that hypothetical questions to experts are not required to include lists of claimant's medical conditions. Webb v. Commissioner, 368 F.3d 629, 633 (6th Cir. 2004). Under these circumstances, the ALJ's hypothetical question accurately portrayed Plaintiff's impairments.

minutes at a time. The VE added that these jobs required the understanding, remembering and carrying out of simple tasks, and involved only occasional interaction with supervisors, co-workers or the general public (TR 66). Given the objective clinical findings of the examining physicians of record during the relevant period, there is substantial evidence in this record that Plaintiff retained the residual functional capacity for a restricted range of light work activity.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

### III.   REVIEW

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of

Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                   s/ *Charles E Binder*
                                           CHARLES E. BINDER
Dated: August 5, 2015               United States Magistrate Judge